IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BENJAMIN GAL-OR,                )
                                )
                    Plaintiff,  )        **CIVIL ACTION**
                                )
v.                              )        No. 05-1312-MLB
                                )
THE BOEING COMPANY,             )
                                )
                    Defendant.  )
_____)

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

This case comes before the court on defendant's motion to dismiss. (Doc. 7). The motion has been fully briefed and is ripe for decision. (Docs. 8, 9, 10). Defendant's motion is granted in part and denied in part, for reasons herein.

**A.   Pro Se Status**

Before analyzing defendant's motion to dismiss, the court notes that plaintiff is not represented by counsel. It has long been the rule that pro se pleadings must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998). Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See Hall, 935 F.2d at 1110. Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district. See id.; Hill, 14 F. Supp.2d at 1237. Additionally, the court need not accept as true plaintiff's conclusory allegations because no special legal training is required

to recount the facts surrounding the alleged injuries.  <u>See</u> <u>Hill</u>, 14 F. Supp.2d at 1237.  In the end, plaintiff's <u>pro</u> <u>se</u> status, in and of itself, does not prevent this court from dismissing his claim.  <u>See</u> <u>Smith v. Plati</u>, 258 F.3d 1167, 1174 (10th Cir. 2001) (citing <u>Hall v.</u> <u>Bellmon</u>, 935 F.2d 1106, 1110, 1114 (10th Cir.1991)) ("Even when a complaint is construed liberally, this court has dismissed pro se complaints for failure to allege sufficient facts."); <u>Northington v.</u> <u>Jackson</u>, 973 F.2d 1518, 1521 (10th Cir. 1992).

**B.    Motion to Dismiss Standards: F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  <u>See</u> <u>Ford v. West</u>, 222 F.3d 767, 771 (10th Cir. 2000); <u>Robinson v. Kansas</u>, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000).  All well-pleaded facts and  the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  <u>See</u> <u>Ford</u>, 222 F.3d at 771; <u>Davis v. United</u> <u>Student Aid Funds, Inc.</u>, 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration.  <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); <u>Overton v. United States</u>, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing <u>Dunn v. White</u>, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his

-2-

claims.  <u>See</u> <u>Robinson</u>, 117 F. Supp.2d at 1129.

C.   **Facts**[1]

Plaintiff, a citizen of Israel and resident of the state of Florida, was employed by Technion-Israel Institute of Technology, where plaintiff was the Head of the Turbo and Jet Engine Laboratory. On June 24, 1986, Abraham Goo, president of one of defendant's divisions, invited plaintiff to disclose his Stealth "Proprietary Information."  Plaintiff's trade secrets were filed under Israel Patent Application (IPA) 78402 on April 2, 1986, in Jerusalem.  On November 7, 1986, IPA-78402 was filed as IPA 80532 under International Patent Laws.  This patent was extended in the United States and designated U.S. Patent 5,782,431.  (Doc. 1 at 5 ¶ 2.1, 7 ¶¶ 3-3.6).

On July 22, 1986, plaintiff orally proposed and Boeing accepted the following.

> a.1  BMAC [Boeing] agrees that authorized senior-expert technical and legal representatives would, together, continuously and formally participate in the Disclosure Meeting, and if they conclude, and formally state so, that "IPA-78402-goods" [plaintiff's patented goods] harbor inventions and trade secrets that are original and of particular importance to U.S. national security, as anticipated, "IPA-78402-goods", (protected until April 1987), in permanent form, would exclusively be disclosed to Defendant for it to transfer them to the USG [United States government], informing the USG that Plaintiff would refrain from re-filing IPA-78402 before April 1987, in the U.S. and elsewhere, thereby anticipating the USG to purchase "IPA-78402-goods" if Plaintiff avoids publication of such national defense sensitive IPA-78402 as patents in the U.S. and elsewhere.
>
>                 * * *

---

[1] The court will attempt to construct the facts relevant to deciding this motion. However, plaintiff's complaint is 37 pages long and very difficult to understand.  Moreover, plaintiff has attached an additional 47 pages of exhibits to his complaint, some of which are illegible.

b.  IN EXCHANGE for such exclusive disclosure and granting BMAC with such transferring rights of "IPA-78402-goods" to the USG, BMAC is obliged to provide Plaintiff with Contract-Law-required consideration.

c. BMAC may consider to sign, prior to disclosure, one of two ITVS RPVs Proposals (originals available with Plaintiff) to be funded by BMAC as participation in an ongoing Plaintiff's Program, which includes first-time-ever flying of ITVS prototypes in 1987.

(Doc. 1 at 23-24).

On August 20, 1986, plaintiff delivered proposals to fund two programs, one for $1.2 million and one for $860,987. The proposals included designs drafted using plaintiff's trade secrets. Plaintiff met with officials from Boeing on August 25, 1986. The parties entered into a "Proprietary Information Agreement" (PIA) that detailed the terms under which Boeing could use and disclose proprietary information that it received from plaintiff. Plaintiff initially refused to sign the PIA since it did not include a clause for consideration. Defendant orally agreed to add an "ownership, right or license" clause to the PIA, finance one of plaintiff's proposals and explain the missing consideration clause at a later date. Plaintiff signed the PIA even though it did not contain a consideration clause or an agreement to finance plaintiff's proposal. The PIA, however, contained the following: "[t]his is the entire Agreement between the parties concerning the disclosure of Proprietary Information, superceding any prior or contemporaneous written or oral agreements as to the disclosure and protection of Proprietary Information in connection with the Program." (Doc. 1 at 25-27; exh. 1 at 7).

Pursuant to the PIA, plaintiff disclosed certain trade secrets

-4-

to Boeing in August and September 1986. Boeing's first alleged theft of the trade secrets began in October 1986. Boeing also failed to fund plaintiff's proposal as promised on August 25, 1986. On February 19, 1987, plaintiff attempted to verify that Boeing breached its promise, but Boeing did not respond.[2] On January 1, 1993, plaintiff attempted to seek a settlement with Boeing.[3] Boeing responded by saying that it did not owe plaintiff anything. (Doc. 1 at 6 ¶ 2.7, 10 ¶ 5.17, 21, 27-29).

Plaintiff asserts that he "could neither discover nor prove with legally admissible evidence, any use by Defendant of ownership-stripped [trade secrets] in any U.S. [classified defense program] in breach of Plaintiff-Defendant PIA contract, or alleged, improper means or misappropriation, or theft of [trade secrets]. In late 2003, in Israel, alleged improper means, and/or misappropriation, and/or theft of [trade secrets] by Defendant, was first-ever discovered with facts, dates, [classified defense program], acts, omissions and legally admissible evidence." (Doc. 1 at 5 ¶¶ 2.1, 2.2).

Plaintiff's complaint lists nine causes of action.[4] After a strenuous review of the complaint, the court has determined that plaintiff's allegations include: breach of the PIA, breach of two oral

---

[2] The complaint does not specify how plaintiff attempted to verify that Boeing breached its promise.

[3] The complaint does not contain the settlement proposal nor address whether the proposal included all of the claims contained in the complaint.

[4] The complaint states the following: "CAUSES OF ACTION: 28:1330 Breach of Contract; 29:1109 Breach of Fiduciary Duties; 28:1332bc Diversity-Breach of Contract; 28:1332ds Contract Dispute; 28:1332fr 28:1332 Diversity-Fraud; 31:3771 Fraud." (Doc. 1 at 2 ¶ 4).

agreements, breach of fiduciary duty, misappropriation of plaintiff's trade secrets and fraud.  Defendant moves for dismissal on the basis that plaintiff's claims are barred by the applicable statute of limitations and fail to state a claim.

## II.  ANALYSIS

### A.  Breach of Contract Claims

Plaintiff has alleged that Boeing breached various provisions of the PIA: 1) Boeing breached the PIA "by immediately disclosing and granting [trade secrets] to its Third Parties" (claim 1); 2) breached ¶ 6 of the PIA (claim 4); 3) breached ¶ 11 of the PIA (claim 2); 4) breached the July 22 oral contract(claim 1); 5) breached the oral promise to fund plaintiff's proposal (claim 1 and 5); and 6) failed to provide plaintiff with "contract-law-required consideration" (claim 7 and 8).  Defendant asserts that these claims are barred by the statute of limitations.

Under Kansas law, the clock on the statute of limitations for plaintiff's action began ticking at the time defendant allegedly breached the contract.  See Voth v. Chrysler Motor Corp., 218 Kan. 644, 651, 545 P.2d 371 (1976); Wolf v. Brungardt, 215 Kan. 272, 279, 524 P.2d 726 (1974).  Even though plaintiff alleges that he did not have admissible evidence of a breach until 2003, "plaintiff's knowledge of the breach or any injury caused thereby is irrelevant." Rupe v. Triton Oil & Gas Corp., 806 F. Supp. 1495, 1498 (D. Kan. 1992) (citing Pizel v. Zuspann, 247 Kan. 54, 74, 795 P.2d 42, modified on other grounds, 247 Kan. 699, 803 P.2d 205 (1990)).

Plaintiff alleges that defendant breached the PIA "immediately" by disclosing and granting plaintiff's trade secrets to third parties.

-6-

Defendant's theft and breach allegedly occurred in mid-1986, in violation of paragraphs four, six and eleven of the PIA. (Doc. 1 at ¶ 2.7). Defendant also allegedly violated the PIA by failing to provide consideration. These claims are barred by the statute of limitations since the breach occurred in 1986, more than five years from the date plaintiff filed his complaint in 2005.

Plaintiff also alleges that defendant breached the oral agreements on July 22 and August 25. The oral agreement on July 22, <u>supra</u> at 3-4, was presumably breached on August 25, when Boeing drafted the PIA which did not include the entire oral agreement. The oral agreement allegedly made on August 25 to fund plaintiff's proposal was breached at some point in 1987. (Doc. 1 at 10 ¶ 5.17). Again, these claims are barred by the statute of limitations since plaintiff did not file suit until 2005, more than five years after the alleged breach.

Defendant's motion to dismiss plaintiff's breach of contract claims is granted.[5]

**B.   Breach of Fiduciary Duty**

Plaintiff alleges that Boeing breached its fiduciary duty by failing to compensate plaintiff for its use of plaintiff's trade secrets (claims 2, 3 and 4). Kansas law provides that a breach of fiduciary claim is governed by a two-year statute of limitations. <u>Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 104 F. Supp.2d 1294, 1298 (D. Kan. 2000); K.S.A. 60-513(a)(4). The statute provides

---

[5] Defendant also moved for dismissal on the basis that plaintiff has failed to state a claim for breach of contract. While the court can surmise that various claims could be dismissed for failure to state a claim, defendant's motion on those grounds is moot.

that the time period does not begin to run "until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action." K.S.A. 60-513(b). Plaintiff has alleged that Boeing began to use his trade secrets in 1986, but failed to compensate him. In 1987, plaintiff contacted Boeing to confirm that Boeing breached its agreement. Moreover, in 1993, plaintiff attempted to settle his rights with Boeing. Any of these acts would trigger the statute of limitations, regardless of plaintiff's ability to have physical evidence. In any event, plaintiff's claim is barred because more than ten years have passed since Boeing's alleged breach of fiduciary duty. K.S.A. 60-513(b).

Defendant's motion to dismiss plaintiff's breach of fiduciary claims is granted.

**C.   Fraud**

Plaintiff alleges that defendant concealed its converted use of plaintiff's trade secrets (claim 1). (Doc. 1 at 11 ¶ 6.4(e)). All of plaintiff's allegations, however, specify defendant's conduct occurred in the late 1980's. A claim for fraud must be brought within two years of discovery of the fraudulent conduct. K.S.A. 60-513(a)(3). Plaintiff alleges that he did not discover any admissible evidence until 2003. Nonetheless, plaintiff's claim must be dismissed since more than ten years have passed since the fraudulent activity

occurred.   K.S.A. 60-513(b).

Defendant's motion to dismiss plaintiff's fraud claim is granted.

**D.   Misappropriation of Trade Secrets**

Plaintiff has alleged that defendant used plaintiff's trade secrets "without right or license."   (Doc. 1 at 11 ¶ 6.4(c)). Plaintiff makes various allegations of misappropriation in claims 1, 2 and 3.   Plaintiff, however, does not specify which statutes are applicable to his claims.   The court will examine plaintiff's claim as both a claim for an infringement of a United States patent and a claim for misappropriation under the Kansas Trade Secrets Act.

**1.      Patent Infringement**

Defendant asserts that plaintiff's claim is barred by the statute of limitations.   35 U.S.C. § 286 provides:

> Except as otherwise provided by law, no recovery shall
> be had for any infringement committed more than six years
> prior to the filing of the complaint or counterclaim for
> infringement in the action.

This statute does not bar a claim for patent infringement, but only limits the time period for a plaintiff's recovery.   See Maloney-Crawford Tank Corp. v. Rocky Mountain Natural Gas Co., Inc., 494 F.2d 401, 403 (10th Cir. 1974)("There is no fixed period of time within which a patent infringement action must be brought.") Plaintiff's claim cannot be dismissed pursuant section 286.

Defendant also asserts that plaintiff has failed to state a claim of infringement.   35 U.S.C. § 271(a) provides: "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor,

infringes the patent." Plaintiff has asserted that he patented his trade secrets on April 2, 1986. Defendant allegedly presented plaintiff's patent protected trade secrets to the United States Air Force and government and gained more than $30 Billion from the sale of the plane that included his trade secrets. (Doc. 1 at 6 ¶ 2.7, 12 ¶ 9). In construing plaintiff's complaint to the outer limits of the rule of liberal construction, the court finds that plaintiff has stated a claim of patent infringement.

Defendant's motion to dismiss plaintiff's claim of patent infringement is denied.[6]

### 2.        Kansas Trade Secrets Act

Defendant asserts that any claim under the Kansas Trade Secrets Act either fails to state a claim or is barred by the statute of limitations. The statute of limitations under the Act is as follows:

> An action for misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered. For the purposes of this section, a continuing misappropriation constitutes a single claim.

K.S.A. 60-3325.

Plaintiff asserts that his claim is not barred since he could not discover, with legally admissible evidence, that defendant misappropriated his trade secrets. Plaintiff, however, attempted a

_____

[6] The next step in this case will probably involve some discovery, preparation of a pretrial order and, presumably, a motion for summary judgment. Plaintiff is once again admonished that his pro se status will not excuse him from compliance with the Federal Rules of Civil Procedure and the rules of this court. Failure to comply with these rules can result in sanctions, including dismissal of his case. Furthermore, plaintiff is reminded that from this point on, he must support his case with evidence and memoranda which are understandable and supported by relevant legal authority.

settlement with Boeing over its use of his trade secrets. The Tenth Circuit, in addressing the date at which the statute of limitations began to run in a trade misappropriations case, dealt with a similar argument:

> A rule such as the one Injection Research proposes, under which a statute of limitations only begins running when a plaintiff can unassailably establish a legal claim for trade secret misappropriation, would effectively eviscerate the statute of limitations in all cases in which the plaintiff never discovers "smoking gun" evidence of misappropriation, but instead must rely on circumstantial and inferential evidence to prove misappropriation.

Chasteen v. UNISIA JECS Corp., 216 F.3d 1212, 1218 (10th Cir. 2000).

Contrary to plaintiff's position, the statute of limitations does not begin to run when a plaintiff "can positively and directly prove misappropriation, . . . but simply when the plaintiff has knowledge of sufficient facts from which a reasonable jury could infer misappropriation." Id. In this case, that occurred at the latest in 1993, the date plaintiff demanded settlement with Boeing.

Plaintiff filed suit in 2005, more than three years after plaintiff says he had knowledge of the misappropriation of his trade secrets. Defendant's motion to dismiss plaintiff's claim under the Kansas Trade Secrets Act is granted.

## III. CONCLUSION

Defendant's motion to dismiss plaintiff's claims for breach of contract, breach of fiduciary duty, fraud and misappropriation under Kansas law is granted. Defendant's motion to dismiss plaintiff's claim for patent infringement is denied.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions

to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

        IT IS SO ORDERED.

        Dated this   27th   day of April 2006, at Wichita, Kansas.


                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE