**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

BENJAMIN GAL-OR, )
 )
                  Plaintiff, )    **CIVIL ACTION**
 )
v. )    No.  05-1312-MLB
 )
THE BOEING COMPANY, )
 )
                  Defendant. )
 )

**MEMORANDUM AND ORDER**

    Before the court are the following:

1.    Defendant's motion for reconsideration (Doc. 12);

2.    Plaintiff's motion to grant his supplemental pleading (Doc. 13); and

3.    Defendant's response to plaintiff's motion (Doc. 14).

    Defendant filed a motion to reconsider this court's April 27, 2006, memorandum and order (Doc. 11).  In its ruling on defendant's motion to dismiss, the court construed the complaint as liberally as possible and found that the only potential claim that could survive a motion to dismiss was an action for patent infringement. Accordingly, the court dismissed all remaining claims from plaintiff's complaint.  Defendant moves for the court to reconsider that ruling on the basis that plaintiff's response to the motion to dismiss denied that plaintiff had made a claim for patent infringement.  Defendant cited relevant portions of plaintiff's response.  (Doc. 12 at 2). After reviewing those portions, the court has concluded that plaintiff's response appears to deny that he has alleged a patent

infringement claim.

Plaintiff's response to defendant's motion is a motion to supplement his pleading. In plaintiff's motion, he has failed to respond to defendant's motion to reconsider and/or contradict the language in his response to defendant's motion to dismiss. Notably, the word patent does not appear at all in his submission. The court is under no obligation to perform plaintiff's research nor make arguments on his behalf. See Phillips v. Hillcrest Med. Ctr., 244 F.3d 790, 800 (10th Cir. 2001) (refusing to consider a point on appeal because appellants failed to support their position with relevant authority and also noting the court will not perform the party's research for him); see also Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); Capps v. Cowley, 63 F.3d 982, 984 (10th Cir. 1995) (citing Pelfresne); Robinson v. Tenantry (In re Robinson), 987 F.2d 665, 668 (10th Cir. 1993); Phillips v. Calhoun, 956 F.2d 949, 953 (10th Cir. 1992) (citing Pelfresne).

Accordingly, defendant's motion for reconsideration is granted. Plaintiff's complaint is dismissed, with prejudice.

IT IS SO ORDERED.

Dated this __18th__ day of May 2006, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE